NATHAN M. JENKINS, ESQ. (560)
JENKINS LAW FIRM
1895 Plumas Street, Suite 2
Reno, NV 89509
Telephone: (775)-829-7800
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

TRUSTEES of the NORTHERN NEVADA LABORERS HEALTH & WELFARE TRUST FUND, CRAIG MADOLE, DAVE BACKMAN, CRAIG HOLT, DAN RUSNAK, ELOY JARA, RICHARD DALY; TRUSTEES of the LABORERS PENSION TRUST FUND FOR NORTHERN NEVADA, CRAIG MADOLE, DAVE BACKMAN, CRAIG HOLT, DAN RUSNAK, ELOY JARA, RICHARD DALY; TRUSTEES of the CONSTRUCTION WORKERS VACATION SAVINGS TRUST PLAN, CRAIG MADOLE, DAVE BACKMAN, CRAIG HOLT, DAN RUSNAK, ELOY JARA, RICHARD DALY; TRUSTEES of the LABORERS TRAINING TRUST FOR NORTHERN NEVADA, CRAIG MADOLE, DAVE ELIZONDO, FRED REEDER, DAN RUSNAK, ELOY JARA, RICHARD DALY;

    Plaintiffs,

vs.

PREMIER SCAFFOLD, INC., a California corporation; and DOES 1 -10,

    Defendants.

Case No.

**COMPLAINT**

Plaintiffs, by and through their attorneys, JENKINS LAW FIRM, allege as follows against Defendant:

**JURISDICTION AND VENUE**

1. This is an action brought by the Trustees of the Northern Nevada Laborers Health & Welfare Trust Fund; the Trustees of the Laborers Pension Trust Fund for Northern Nevada; the Trustees of the Construction Workers Vacation Savings Trust Plan; and the Trustees of the

1

Laborers Training Trust for Northern Nevada (collectively, the "Trust Funds"), to enforce the terms of the Trust Funds and the provisions of Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1145. This action arises under ERISA Section 502(a)(3), 29 U.S.C. §1132(a)(3). ERISA Section 502(e)(1), 29 U.S.C. §1132(e)(1), confers jurisdiction on this Court.

2. Venue is proper in the unofficial Northern Division of this Court under 29 U.S.C. § 1132 (e)(2) because the Trust Funds are administered in Washoe County, in the District of Nevada, the breaches took place in Washoe County, in the District of Nevada, and the Defendant conducts business in Washoe County, in the District of Nevada.

## THE PARTIES

3. Plaintiffs are Trustees of the Trust Funds (hereinafter "Plaintiffs"). The Trust Funds are "employee benefit plan[s]" within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3), and are "multiemployer plan[s]" within the meaning of Section 3(37) of ERISA, 29 U.S.C. §1002(37). Plaintiffs bring this action on behalf, and for the benefit, of the beneficiaries of the Trust Funds and in their respective capacities as trustees and Trust Fund fiduciaries.

4. Defendant Premier Scaffold, Inc. ("Premier") is, and at all times hereinafter mentioned was, a California corporation registered in Nevada as a Foreign corporation conducting business in the District of Nevada.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants designated as Does 1 through 10 are presently unknown to Plaintiffs. Plaintiffs are informed and believe, and on that basis allege, that Defendants Does 1-10 took some part in the acts and omissions complained of herein and, as a proximate result of such acts and omissions, incurred legal liability to Plaintiffs for the relief sought herein. Plaintiffs will request permission to amend this Complaint when the identity of Defendants Does 1-10 become known to them.

6. At all material times and during the acts alleged herein, the Defendants were acting as the agents of each and every other Defendant within the course and scope of their agency or employment, and all acts conducted and alleged herein were known to, authorized, and

2

ratified by each and every Defendant, and/or liability therefore has been assumed by each and every Defendant.

## FIRST CAUSE OF ACTION
### (To Compel an Audit under ERISA §§ 502 AND 515)

7. Plaintiffs reallege all previous allegations of this Complaint.

8. Premier agreed to be bound by the Laborers' Local 169 – Short Form Agreement (the "Laborers Short Form Agreement") as of October 2, 2007 with Laborers' International Union of North America - A.F.L. - C.I.O., Local # 169 (the "Laborers Union").

9. Premier agreed to be bound by the Master Agreement as of October 2, 2007, by and between Laborers' International Union of North America, Local Union No. 169, and Nevada Chapter of the Associated General Contractors of America, Inc. (the "Laborers Master Agreement"). The Laborers Short Form Agreement incorporates the terms of the Master Agreement.

10. The aforementioned Laborers Short Form Agreement and Laborers Master Agreement are collectively referred to herein as the "Contribution Agreements."

11. Under the Contribution Agreements, Premier agreed to be bound by all the terms of the Trust Agreements establishing the Trust Funds. Premier also agreed to permit Plaintiffs to inspect their books and records regarding any payment due the Trust Funds in order to determine if money is owed and the true and correct sum owed.

12. The Laborers Master Agreement provides in pertinent part:

"Each Individual Employer, upon request of . . . any Trust Fund specified in this Agreement shall permit the Trust Fund Auditors to review any and all records relevant . . . and copy such books, records, papers of such Employer as may be necessary to determine whether or not the Employer is making full payment of all sums required by this Agreement.

Such review shall be permitted not more than five (5) working days after demand.

\* \* \*

Any individual employer who refuses audit entry shall pay all legal fees and costs necessary to compliance of audit entry."

13. The Trust Agreements of the Trust Funds provide in pertinent part:

"Upon notice in writing, an Employer must permit an authorized Trust representative to enter upon the premises of such Employer at a mutually agreeable time

3

during regular business hours to examine and copy such records as may be necessary to determine whether the Employer is making full and prompt payment of all sums required to the Trust."

14. On July 11, 2018 Plaintiffs made written demand upon Premier for audit entry.

15. Plaintiffs have complied with all conditions to maintaining this action.

16. Premier has failed and refused to respond to Plaintiffs' written demand for audit entry or allow Plaintiffs to examine its books, records, and papers.

17. The Trust Funds rely principally on employer self-reporting to determine the extent of an employer's liability. The Trust Funds police this self-reporting system by conducting audits of the records of participating employers.

18. Premier's violations of the Contribution Agreements and the Trust Agreements, if allowed to continue, will result in irreparable harm for which Plaintiffs have no adequate remedy at law, in that: (a) the Trust Funds are unable to fully inform the participants employed by Defendant of their rights and status under the Trust Funds' plans of benefits, (b) the financial integrity of the Trust Funds and their plans of benefits is jeopardized if the Trust Funds are unable to police the self-reporting system by obtaining prompt and complete audit entry, (c) the financial integrity of the Trust Funds and their plans of benefits is jeopardized if the Trust Funds are unable to promptly determine the class of potential benefit claimants, and (d) the Trust Funds are irreparably harmed if they are unable to hold all contributing employers to the full and prompt fulfillment of their contribution obligations.

19. Accordingly, Premier's conduct necessitates a preliminary and permanent injunction or other equitable relief compelling Premier to promptly submit to an audit of their books and records, including but not limited to, Premier's payroll and tax records and general ledgers, to determine the true and correct sum owed the Trust Funds, and to timely file accurate monthly reports

20. As a result of Premier's failure to meet its obligations under the terms of the Contribution Agreements and the Trust Agreements, Plaintiffs have been required to employ counsel in order to enforce their right to conduct an audit. Plaintiffs have brought this action in faithful performance of the fiduciary duties imposed upon them under Section 404(a)(1) of

ERISA, 29 U.S.C. §1104(a)(1). Plaintiffs have been, and are, incurring attorney's fees as a direct result of Premier's failure to permit audit entry.

WHEREFORE, Plaintiffs demand judgment, including preliminary equitable relief, against Defendant as follows:

1. Compelling Defendant to submit to inspection of its books and records, including but not limited to, Defendant's payroll and tax records and general ledgers, to determine the true and correct sum owed the Trust Funds; and

2. Such other legal or equitable relief as this Court deems appropriate, including statutory penalties under ERISA.

DATED this 21st day of September, 2018.

JENKINS LAW FIRM
Attorneys for Plaintiffs

By: _____
NATHAN M. JENKINS
1895 Plumas Street, Suite 2
Reno, NV 89509

JENKINS LAW FIRM
ATTORNEYS AT LAW
1895 Plumas Street, Suite 2
Reno, Nevada 89509
(775) 829-7800  Fax (775) 829-0511